



**U.S. Department of Justice**

*Carmen M. Ortiz*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

November 30, 2016

Robert M. Goldstein, Esq.
20 Park Plaza, Suite 1000
Boston, MA 02116

    Re:    United States v. Eleni Koudanis et al.
            Criminal No. 15-10387-PBS

Dear Mr. Goldstein:

    The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Eleni Koudanis ("Koudanis"), agree as follows with respect to the above-referenced case:

    1.    <u>Change of Plea</u>

    At the earliest practicable date, Koudanis shall plead guilty to the following counts of the above-referenced Indictment: Counts Seven through Eleven charging aiding and assisting in filing a false tax return in violation of 26 U.S.C. §7206(2). Koudanis expressly and unequivocally admits that she committed the crimes charged in Counts Seven through Eleven of the Indictment, did so knowingly and willfully, and is in fact guilty of those offenses.

    The U.S. Attorney agrees to dismiss Counts One through Six of the Indictment against Koudanis following the imposition of sentence at the sentencing hearing.

    2.    <u>Penalties</u>

    Koudanis faces the following maximum penalties on each of Counts Seven through Eleven of the Indictment: incarceration for three years; supervised release for one year; a fine of $250,000; and a mandatory special assessment of $100.

    Koudanis also recognizes that pleading guilty may have consequences with respect to Koudanis's immigration status if Koudanis is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which Koudanis is pleading guilty. Removal and other immigration consequences are the subject of a separate

1

proceeding, however, and Koudanis understands that no one, including defense counsel and the District Court, can predict to a certainty the effect of this conviction on Koudanis's immigration status. Koudanis nevertheless affirms her decision to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is Koudanis's automatic removal from the United States.

3. Sentencing Guidelines

The sentence to be imposed upon Koudanis is within the discretion of the District Court ("Court"), subject to the statutory maximum penalties set forth above and the provisions of the Sentencing Reform Act, and the advisory United States Sentencing Guidelines ("USSG" or "Guidelines"). While the Court may impose a sentence up to and including the statutory maximum term of imprisonment and statutory maximum fine, it must consult and take into account the USSG and the other factors set forth in 18 U.S.C. § 3553(a) in imposing a sentence.

The parties agree that in accordance with USSG §2T1.1(a)(1), and 2T4.1(H), Koudanis's base offense level is 20, because the tax loss caused by her offense is approximately $992,821.

The U.S. Attorney will take the position that in accordance with USSG §3B1.2(b) Koudanis should receive a 2 level reduction because she was a minor participant in the charged criminal activity.

Koudanis agrees not to challenge the 2 level reduction under USSG §3B1.2(b), and will not seek a further role reduction under the Guidelines. Koudanis reserves the right to argue for a variance under 18 U.S.S.C. §3553(a) for Koudanis's role in the charged criminal activity. Koudanis also reserves the right to argue for a departure from the USSG or for a sentence outside the USSG under the factors set forth in 18 U.S.C. §3553(a).

If Koudanis contends that there is a basis for departure from, or a sentence outside, the otherwise applicable Guidelines sentencing range based on Koudanis's medical, mental, and/or emotional condition, or otherwise intends to rely on any such condition at sentencing, Koudanis will, forthwith upon request, execute all releases and other documentation necessary to permit the U.S. Attorney and her experts (including Bureau of Prisons medical personnel) to obtain access to Koudanis's medical, psychiatric, and psychotherapeutic records and will also provide to the U.S. Attorney forthwith copies of any such records already in Koudanis's possession. In addition, Koudanis will authorize Koudanis's care providers to discuss Koudanis's condition with the U.S. Attorney and her agents (including Bureau of Prisons medical personnel), as well as experts retained by the U.S. Attorney. Koudanis also agrees to submit to examinations and interviews with experts retained by and chosen by the U.S. Attorney (including Bureau of Prisons medical personnel).

Based on Koudanis's prompt acceptance of personal responsibility for the offenses of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Koudanis's adjusted offense level under USSG §3E1.1.

2

The U.S. Attorney reserves the right not to recommend a reduction under USSG §3E1.1 if, at any time between Koudanis's execution of this Plea Agreement and sentencing, Koudanis:

(a) Fails to admit a complete factual basis for the plea;

(b) Fails to truthfully admit Koudanis's conduct in the offenses of conviction;

(c) Falsely denies, or frivolously contests, relevant conduct for which Koudanis is accountable under USSG §1B1.3;

(d) Fails to provide truthful information about Koudanis's financial status;

(e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Koudanis is accountable under USSG §1B1.3;

(f) Engages in acts that form a basis for finding that Koudanis has obstructed or impeded the administration of justice under USSG §3C1.1;

(g) Intentionally fails to appear in Court or violates any condition of release;

(h) Commits a crime;

(i) Transfers any asset protected under any provision of this Plea Agreement; or

(j) Attempts to withdraw Koudanis's guilty plea.

Koudanis understands and acknowledges that Koudanis may not withdraw her plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that Koudanis receive a reduction in offense level for acceptance of responsibility. Koudanis also understands and acknowledges that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the U.S. Attorney may seek an upward adjustment pursuant to USSG §3C1.1 if Koudanis obstructs justice after the date of this Plea Agreement.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4. Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence before the Court:

(a) a period of confinement in the Court's discretion below the Guidelines sentencing range as calculated by the U.S. Attorney in Paragraph 3,

3

pursuant to 18 U.S.C. §3553(a). If the Court imposes a sentence of imprisonment on both Koudanis and co-defendant Steven Koudanis, the government will recommend that those sentences be served consecutively to one another;

(b) a fine within the Guidelines sentencing range as calculated by the U.S. Attorney in Paragraph 3, unless the Court finds that Koudanis is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

(c) 12 months of supervised release; and

(d) a mandatory special assessment of $500, which Koudanis must pay to the Clerk of the Court on or before the date of sentencing (unless Koudanis establishes to the Court's satisfaction that Koudanis is unable to do so).

The U.S. Attorney's position with respect to its sentencing recommendation as set forth in this Paragraph, is expressly contingent upon entry of a guilty plea under Fed. R. Crim. P. 11(c)(1)(B) by co-defendant Steven Koudanis to count Seventeen of the Indictment; and entry of a guilty plea under Fed. R. Crim. P. 11(c)(1)(C), by co-defendant Nicholas Koudanis to all counts in which he is charged in the Indictment, and the acceptance of that plea and that Plea Agreement by the District Court. If necessary, Koudanis agrees that she will assent to all motions by the U.S. Attorney to continue Koudanis's sentencing until Nicholas Koudanis's plea and Plea Agreement are accepted by the District Court, which, pursuant to Rule 11(c)(1)(C), occurs at sentencing. If either Steven Koudanis or Nicholas Koudanis fail to enter a guilty plea, the U.S. Attorney reserves the right to recommend that Koudanis be sentenced to a period of incarceration within the sentencing guidelines range as calculated by the parties in Paragraph 3.

The parties agree jointly to recommend that the Court order restitution to the Internal Revenue Service ("IRS") in an amount of $2,042,366.30, consisting of all tax, penalties and interest owed for tax years 2008 through 2013, to be paid jointly and severally with co-defendant Nicholas Koudanis, and jointly and severally with the $151,250 in restitution to be paid by co-defendant Steven Koudanis. Koudanis agrees to pay $1.5 million to the Internal Revenue Service at or before sentencing. Koudanis agrees to pay the remaining $542,366.30 in four payments of $135,591.57, with the first payment to be made no later than 90 days after co-defendant Nicholas Koudanis is released from custody, and each subsequent payment to be made no later than 90 days after the previous payment.

The parties agree jointly to recommend the following special condition of any term of supervised release or probation:

During the period of supervised release or probation, if any of the restitution amount agreed to above remains unpaid, Koudanis must, within six months of sentencing or release from custody, whichever is later:

4

(i) cooperate with the Examination and Collection Divisions of the IRS;

(ii) provide to the Examination Division all financial information necessary to determine Koudanis's prior tax liabilities;

(iii) provide to the Collection Division all financial information necessary to determine Koudanis's ability to pay;

(iv) file accurate and complete tax returns for those years for which returns were not filed or for which inaccurate returns were filed; and

(v) make a good faith effort to pay all delinquent and additional taxes, interest, and penalties.

Koudanis agrees to provide the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind on which Koudanis intends to rely at sentencing not later than 7 days before sentencing. Any basis for sentencing as to which Koudanis has not provided the U.S. Attorney all such items at least 7 days before sentencing shall be deemed waived.

5. **Protection of Assets for Payment of Restitution, Forfeiture and Fine**

Koudanis agrees not to transfer, or authorize the transfer of, any asset that has been restrained by Order of the Court in this case or any asset, whether or not restrained, that Koudanis has agreed to forfeit pursuant to this Plea Agreement.

Koudanis agrees not to transfer, or authorize the transfer of any other asset in which Koudanis has an interest without prior express written consent of the U.S. Attorney, except for:

(a) Assets subject to superior, secured interests of innocent third parties, in which Koudanis has an equity interest of less than $10,000;

(b) Ordinary living expenses necessary to house, clothe, transport and feed Koudanis and those to whom Koudanis owes a legal duty of support, so long as such assets do not exceed $10,000 per month plus an additional $5,000 per month for mortgage payments and condo fees; and

(c) Attorney's fees incurred in connection with this criminal case.

This prohibition shall be effective as of the date of Koudanis's execution of this Plea Agreement and continue until the fine, forfeiture and restitution ordered by the Court at sentencing and any tax liability incurred as a result of the conduct charged in the Indictment are satisfied in full.

If the U.S. Attorney requests, Koudanis further agrees to complete truthfully and accurately the sworn financial statement enclosed with this Plea Agreement and to deliver that statement to the U.S. Attorney within 30 days of signing this Plea Agreement.

6. Waiver of Rights to Appeal and to Bring Future Challenge

   (a) Koudanis has conferred with her attorney and understands that she has the right to challenge both her conviction and her sentence (including any orders relating to supervised release, fines, forfeiture, and restitution) on direct appeal. Koudanis also understands that, in some circumstances, Koudanis may be able to argue in a future proceeding (collateral or otherwise), such as pursuant to a motion under 28 U.S.C. §2255, 28 U.S.C. §2241, or 18 U.S.C. §3582(c), that Koudanis's conviction should be set aside or Koudanis's sentence (including any orders relating to supervised release, fines, forfeiture, and restitution) set aside or reduced.

   (b) Koudanis waives any right to challenge Koudanis's conviction on direct appeal or in a future proceeding (collateral or otherwise).

   (c) Koudanis agrees not to file a direct appeal or challenge in a future proceeding (collateral or otherwise) any sentence of imprisonment of 24 months or less or any orders relating to supervised release, fines, forfeiture, and restitution. This provision is binding even if the Court's Guidelines analysis is different from that set forth in this Plea Agreement.

   (d) The U.S. Attorney agrees that she will not appeal the sentence imposed by the Court.

   (e) Regardless of the previous sub-paragraphs, Koudanis reserves the right to claim that: (i) Koudanis's lawyer rendered ineffective assistance of counsel under *Strickland v. Washington*; or (ii) the prosecutor in this case engaged in misconduct that entitles Koudanis to relief from Koudanis's conviction or sentence.

7. Other Post-Sentence Events

   (a) If Koudanis appeals or challenges in a future proceeding (collateral or otherwise) Koudanis's sentence, the U.S. Attorney reserves the right to argue the correctness of the sentence imposed by the Court.

   (b) If Koudanis seeks re-sentencing, Koudanis agrees not to seek to be re-sentenced with the benefit of any change to the Criminal History Category that the Court calculated at the time of Koudanis's original sentencing, except to the extent that Koudanis has been found actually factually innocent of a prior crime.

(c)   In the event of a re-sentencing following an appeal from or future challenge (collateral or otherwise) to Koudanis's sentence, the U.S. Attorney reserves the right to seek a departure from and a sentence outside the USSG if, and to the extent, necessary to reinstate the sentence the U.S. Attorney advocated at Koudanis's initial sentencing pursuant to this Plea Agreement.

8. Waiver of Hyde Amendment Claim.

Koudanis is aware that 18 U.S.C. §3006A, the so-called "Hyde Amendment," authorizes courts in criminal cases to award to certain prevailing defendants attorneys' fees and other litigation expenses. In exchange for concessions the U.S. Attorney made in this Plea Agreement, Koudanis voluntarily and knowingly waives any claim Koudanis might assert under this statute based in whole or in part on the U.S. Attorney's agreement in Paragraph 1 to dismiss Counts One through Six.

9. Court Not Bound by Plea Agreement

The parties' sentencing recommendations and their respective calculations under the USSG are not binding upon the U.S. Probation Office or the Court. Within the maximum sentence Koudanis faces under the applicable law, the sentence to be imposed is within the sole discretion of the Court. Koudanis's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Koudanis may not withdraw her plea of guilty regardless of what sentence is imposed, or because the U.S. Probation Office or the Court declines to follow the parties' USSG calculations or recommendations. Should the Court decline to follow the U.S. Attorney's USSG calculations or recommendations, the U.S. Attorney reserves the right to defend the Court's calculations and sentence in any direct appeal or future challenge (collateral or otherwise).

10. Information For Presentence Report

Koudanis agrees to provide all information requested by the U.S. Probation Office concerning Koudanis's assets.

11. Civil Liability

By entering into this Plea Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, Koudanis may have incurred or may incur as a result of Koudanis's conduct and plea of guilty to the charges specified in Paragraph 1 of this Plea Agreement. Koudanis agrees to cooperate with employees of the IRS, the Civil Division of the U.S. Attorney's Office, and law enforcement agents working with attorneys in the Civil Division of the U.S. Attorney's Office, in making an assessment of her civil liabilities. Koudanis specifically authorizes release by the IRS to the aforementioned agencies and their representatives of information for purposes of making that assessment. Koudanis further agrees to assent to the filing and allowance of a motion under Rule 6(e) of the Federal Rules of Criminal Procedure, to permit the disclosure of matters occurring before the grand jury for this purpose.

12. <u>Rejection of Plea by Court</u>

Should Koudanis's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on Koudanis's motion, this Plea Agreement shall be null and void at the option of the U.S. Attorney.

13. <u>Breach of Plea Agreement</u>

If the U.S. Attorney determines that Koudanis has failed to comply with any provision of this Plea Agreement, has violated any condition of Koudanis's pretrial release, or has committed any crime following Koudanis's execution of this Plea Agreement, the U.S. Attorney may, at her sole option, be released from her commitments under this Plea Agreement in their entirety by notifying Koudanis, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to her under the law, regardless whether she elects to be released from her commitments under this Plea Agreement. Further, the U.S. Attorney may pursue any and all charges that have been, or are to be, dismissed pursuant to this Plea Agreement. Koudanis recognizes that her breach of any obligation under this Plea Agreement shall not give rise to grounds for withdrawal of Koudanis's guilty plea, but will give the U.S. Attorney the right to use against Koudanis before any grand jury, at any trial or hearing, or for sentencing purposes, any statements made by Koudanis and any information, materials, documents or objects provided by Koudanis to the government, without any limitation, regardless of any prior agreements or understandings, written or oral, to the contrary. In this regard, Koudanis hereby waives any defense to any charges that Koudanis might otherwise have based upon any statute of limitations, the constitutional protection against pre-indictment delay, or the Speedy Trial Act.

14. <u>Who Is Bound By Plea Agreement</u>

This Plea Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

15. <u>Complete Plea Agreement</u>

This Plea Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Koudanis sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Mark J. Balthazard.

Very truly yours,

CARMEN M. ORTIZ
United States Attorney

By: /s/ Sarah E. Walters

SARAH E. WALTERS
Chief, Economic Crimes Unit
STEPHEN E. FRANK
Deputy Chief, Economic Crimes Unit

/s/ Mark J. Balthazard

MARK J. BALTHAZARD
Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that (a) it accurately sets forth my plea agreement with the United States Attorney's Office for the District of Massachusetts; (b) there are no unwritten agreements between me and the United States Attorney's Office; and (c) no official of the United States has made any unwritten promises or representations to me, in connection with my change of plea. In addition, I have received no prior offers to resolve this case. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and the Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges

against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Plea Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty, and I believe this Plea Agreement is in my best interest.

*Eleni Koudanis*
ELENI KOUDANIS
Defendant

Date: 12-6-2016


I certify that Eleni Koudanis has read this Plea Agreement and that we have discussed its meaning. I believe she understands the Plea Agreement and is entering into the Plea Agreement freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers to resolve this matter.

ROBERT M. GOLDSTEIN, Esq.
Attorney for Defendant Eleni Koudanis
Date: 1\5\17